## LYON METAL PRODUCTS, Inc. v. AERO METALCRAFT CORP.

### Civ. No. 159–49.

United States District Court,
D. New Jersey.
May 25, 1951.

Whittemore, Porter & Pollis, Elizabeth, N. J., for plaintiff.

Milton M. Unger and Adrian M. Unger, Newark, N. J., for trustee.

SMITH, District Judge.

This action having been opened to the Court on the motion of the plaintiff for the entry of a final judgment in conformity with the prayers for relief contained in the complaint, the answer filed by the defendants having been heretofore stricken on August 7, 1950; and the Court having decided that in the interest of justice an interlocutory decree rather than a final judgment should be entered at this time; and,

The Court having duly considered the allegations of the complaint, no proofs having been submitted, and having found:

(1) The plaintiff is the owner of the patent in suit, to wit, Letters Patent No. 2,458,095, the inventions disclosed therein, and the rights and privileges thereunder. The said patent covers "Seat Construction for Chairs."

(2) The patent in suit is valid. This determination, however, is predicated solely upon the presumption of validity and is not to be construed as a judicial determination of validity.

(3) The defendant Aero Metalcraft Corporation has infringed the patent in suit and has violated the rights of the plaintiff by the manufacture and sale of chairs embodying the invention of the said patent.

(4) The plaintiff is entitled to the injunctive relief here sought.

It Is, on this 25th day of May, 1951, Ordered, Adjudged and Decreed that the defendants: Aero Metalcraft Corporation, its officers, including Ralph A. O'Neill, its agents, servants and employees, and Barney Larkey, Esq., as Trustee for Aero Metalcraft Corporation, and all persons in active concert or participation with the said defendants, be enjoined and restrained from further infringement of Letters Patent No. 2,458,095; and,

It Is Further Ordered that the said defendants, their agents, servants, employees, and all persons in active concert or participation with them, be enjoined and restrained from manufacturing, selling, offering or advertising for sale any chairs embodying the invention defined in the said Letters Patent; and,

It Is Further Ordered that the entry of this decree shall be without prejudice to the right of the plaintiff to apply to this Court for further and other relief consistent with the opinion filed herewith.